UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROWN BRIDGE PARTNERS, LLC ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| v. ) | |
| ) | |
| SUNSTOCK, INC. ) | Case No. 18 Civ. _____ |
| ) | |
| Defendant. ) | |

For its complaint against the defendant Sunstock, Inc. ("SSOK"), the plaintiff Crown Bridge Partners, LLC ("Crown Bridge"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. This is a complaint for breach of a convertible promissory note that SSOK executed on December 8, 2017 in favor of Crown Bridge.

2. SSOK breached the terms of the convertible promissory note and, as such, Crown Bridge seeks damages in the amount of at least $100,000, and attorneys' fees and costs as of the filing date, and accruing, against SSOK.

## THE PARTIES

3. The Plaintiff, Crown Bridge, is a New York limited liability corporation with a principal place of business at 1173a Second Avenue, Suite 126, New York, NY 10065.

4. The Defendant, SSOK, is a Delaware corporation with a principal place of business at 111 Vista Creek Circle, Sacramento, CA 95835.  SSOK is a public company trading under the

stock symbol "SSOK."

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy is between citizens of different states (unlike SSOK, none of Crown Bridge's constituent corporate members are citizens of Delaware or California), and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the convertible promissory note executed by the parties that is the subject of this action provides that any action must be brought in New York City.

## FACTS

### The Note, and SSOK's Failure to Honor Crown Bridge's Notice of Conversion

7. On December 8, 2017, SSOK executed as maker a convertible promissory note in favor of Crown Bridge (the "Note"). A true and correct copy of the Note is annexed to this complaint at Exhibit A.

8. Pursuant to the terms of the Note, SSOK agreed to pay Crown Bridge the sum of sixty five thousand dollars ($65,000.00), together with interest at the rate of eight percent (8%) per annum.

9. The Note has a maturity date of December 7, 2018.

10. The Note was "convertible" because, among other things, it granted Crown Bridge the right to convert any portion of the capital and interest on the Note to shares of SSOK's stock. The Note granted to Crown Bridge the discretionary authority "at any time to

2

convert all or any part of the outstanding and unpaid principal amount and accrued and unpaid interest in this Note into fully paid and non-assessable shares of Common Stock." Section 1.1.

11. To effect a conversion, Crown Bridge was required to submit to SSOK a Notice of Conversion in the form attached to the Note by facsimile, e-mail or other reasonable means of communication.  Section 1.3(a).

12. Upon receipt of a Notice of Conversion from Crown Bridge, SSOK had an obligation to deliver to Crown Bridge within two (2) business days the certificates of common stock corresponding to the conversion.  Section 1.3(d).  The Note made clear that, upon receipt of a Notice of Conversion, SSOK's "obligation to issue and deliver the certificates for Common Stock shall be absolute and unconditional."  Section 1.3(e).

13. The conversion feature was essential in inducing Crown Bridge to enter into the Note. Investment in SSOK came with significant risk due to SSOK's financial condition. Crown Bridge was only willing to purchase the Note if it could earn a return commensurate with the risk.  The conversion feature of the Note allowed for such a return. Crown Bridge's ability to obtain stock at a discount to the market price then resell it on the open market afforded Crown Bridge the opportunity to obtain a return on its investment from third parties and at a higher rate.  Any failure by SSOK to honor a Conversion Notice, therefore, would deprive Crown Bridge of the essential benefit for which it negotiated, and for which it purchased, the Note.

14. In order to secure Crown Bridge's right of conversion and to ensure the availability of shares for the purpose of conversion under the Note, SSOK was required to reserve certain

3

shares of stock for Crown Bridge.  The Note required SSOK to "reserve from its authorized and unissued Common Stock a sufficient number of shares … to provide for the issuance of Common Stock upon the full conversion of this Note."  Section 1.2(b).  It also required SSOK "at all times to have authorized and reserved ten times the number of shares that are actually issuable upon full conversion of the Note."  *Id.*

15. On June 15, 2018, Crown Bridge exercised its right of conversion by submitting a Notice of Conversion for a portion of the Note.  Specifically, five thousand eight hundred fifty four dollars and twenty six cents ($5,854.26) of the principal amount and five hundred dollars ($500.00) in fees under the Note were to be converted into 3,398,000 shares of SSOK Common Stock, representing a conversion price of $0.00187 per share.  A true and correct copy of the Notice of Conversion is annexed to this complaint at Exhibit B.

16. Crown Bridge submitted the Notice of Conversion to SSOK on June 15, 2018, in accordance with Section 1.3(a) and otherwise complied with all conditions precedent under the Note to effectuate the conversion.

17. Without cause or justification, SSOK refused to honor the conversion, and failed to issue and deliver to Crown Bridge the shares that it was contractually obligated to deliver.

18. By so failing to deliver the shares within the required time frame, SSOK damaged Crown Bridge and continues to damage Crown Bridge as contemplated under the terms of the Note.

19. Upon information and belief, SSOK failed to reserve a sufficient amount of shares of common stock for conversion as required by the terms of the Note.

20. Pursuant to Section 3.2 of the Note, an Event of Default occurs if SSOK

> fails to reserve a sufficient amount of shares of common stock as required under the terms of this Note … and such breach continues for a period of five (5) days, fails to issue shares of Common Stock to the Holder [Crown Bridge] … upon exercise by the Holder of the conversion rights of the Holder in accordance with the terms of this Note, [or] fails to transfer or cause its transfer agent to transfer (issue) (electronically or in certificated form) shares of Common Stock issued to the Holder upon conversion of or otherwise pursuant to this Note as and when required by this Note.

21. Crown Bridge informed SSOK of its failure to comply with its material obligations regarding conversion under the Note, but SSOK's breaches remain uncured.

22. SSOK is thus in default and the Note has become immediately due and payable in accordance with Section 3.16 of the Note.

**SSOK Replaced its Transfer Agent in Violation of the Terms of the Note**

23. As a material inducement to the transaction, SSOK appointed Globex Transfer, LLC ("Globex") to serve as the transfer agent on the Note.

24. On December 8, 2017, SSOK signed an irrevocable transfer agent instruction letter with respect to the Note, which Globex co-signed.

25. Pursuant to these instructions, SSOK agreed to cause Globex to "reserve a sufficient number of shares of common stock ('Common Stock') of the Company [SSOK] (initially, 11,363,636) for issuance upon conversion of the Note in accordance with the terms hereof."

26. On or about June 11, 2018, Crown Bridge learned that SSOK had terminated its relationship with Globex, and that it had engaged VStock Transfer, LLC ("VStock") as a successor transfer agent.

27. SSOK terminated its relationship with Globex without notifying Crown Bridge.

28. Section 3.13 of the Note imposed certain requirements on SSOK before it could replace Globex as transfer agent. Before retaining VStock, SSOK was required to obtain VStock's written consent to comply with irrevocable transfer agent instructions, including the provision to irrevocably reserve shares of common stock in favor of Crown Bridge.

29. Failure to comply with Section 3.13 amounted to an Event of Default under the Note.

30. Upon information and belief, SSOK failed to obtain fully executed irrevocable transfer agent instructions from VStock in accordance with Section 3.13 of the Note before replacing Globex as the transfer agent.

31. By failing to provide the required irrevocable transfer agent instructions, SSOK improperly interfered with Crown Bridge's conversion rights under Section 1.1 of the Note, because it prevented Crown Bridge from effecting its conversion.

32. Crown Bridge informed SSOK of its failure to comply with its obligations regarding the transfer agent under the Note, and demanded that it cure the breach. SSOK's breach of the Note remains uncured.

33. SSOK is thus in default and the Note has become immediately due and payable in accordance with Section 3.16.

### Crown Bridge's Efforts to Avoid Litigation

34. Crown Bridge repeatedly contacted SSOK regarding its obligations under the Note, but SSOK did not respond.

35. On July 10, 2018, Crown Bridge notified SSOK in a letter that it was in default of its obligations under the Note, and requested that SSOK immediately contact Crown Bridge and demonstrate its compliance with the material requirements under the Note.

36. After not receiving a response from SSOK, on August 8, 2018, counsel for Crown Bridge again sought to contact SSOK and request that it comply with the terms of the Note, lest litigation would ensue.  SSOK still did not respond.

37. SSOK's violations of the terms of the Note have not been cured.  Accordingly, Crown Bridge has no alternative but to assert its legal rights under the Note.

38. At no point has Crown Bridge ever, whether formally or informally, in writing or orally, waived SSOK's defaults under the Note.

### Costs of Collection and Attorneys' Fees

39. Pursuant to Section 4.5 of the Note,

> If default is made in the payment of this Note, the Borrower [SSOK] shall pay the Holder [Crown Bridge] hereof costs of collection, including reasonable attorneys' fees.

40. As a result of SSOK's breaches of the terms of the Note, Crown Bridge is entitled to recover the costs of collection under the Note, including reasonable attorneys' fees.

### CAUSES OF ACTION

### COUNT I
### Breach of Promissory Note

41. Crown Bridge repeats and realleges the allegations of each of the paragraphs above as if expressly stated here.

42. The Note executed by SSOK is a valid agreement.

43. Crown Bridge fully performed under the terms of the Note.

44. There was a material breach of the terms of the Note by SSOK.

45. SSOK materially breached the Note by failing to comply with, among other provisions,

7

Sections 1.2(b) (reservation of shares), 1.3(d) (Delivery of Common Stock Upon Conversion), 1.3(e) (Obligation of Borrower to Deliver Common Stock), 1.3(f) (Delivery of Common Stock by Electronic Transfer), 1.3(g) (Failure to Deliver Common Stock Prior to Deadline), 3.1 (Failure to Pay Principal and Interest), 3.2 (Conversion and the Shares), 3.3 (Breach of Covenants), 3.4 (Breach of Representations and Warranties), and 3.13 (Replacement of Transfer Agent).

46. SSOK is in default under the terms of the Note.

47. By reason of the foregoing, Crown Bridge suffered damages in an amount to be determined at trial, but not less than $100,000, plus accruing damages, interest, costs, and attorneys' fees.

## COUNT II
## Unjust Enrichment

48. Crown Bridge repeats and realleges the allegations of each of the paragraphs above as if expressly stated here.

49. SSOK received a benefit from Crown Bridge without providing an equivalent value for this benefit.

50. SSOK appreciated the benefit conferred by Crown Bridge.

51. SSOK accepted and retained such benefit under circumstances such that it would be inequitable for it to retain the benefit without payment of the value thereof.

52. By these actions, SSOK has been unjustly enriched at Crown Bridge's expense.

53. It is against equity and good conscience to permit SSOK to retain what Crown Bridge seeks to recover.

54. By reason of the foregoing, Crown Bridge suffered damages in an amount to be determined at trial, but not less than $100,000, plus accruing damages, interest, costs, and attorneys' fees.

WHEREFORE, Crown Bridge respectfully requests judgment against SSOK for damages in an amount to be determined at trial, but not less than $100,000, plus accruing damages, interest, costs, attorneys' fees, and any further relief this Court deems just and proper.

Date: August 22, 2018

>Respectfully submitted,
>
>/s/ *Bertrand Madsen*
>Bertrand Madsen Esq.
>MADSEN LAW P.C.
>1115 Broadway, 11th Floor
>New York, NY 10010
>Tel. (212) 346-7744
>Fax (917) 924-2135
>bmadsen@madsenlawpc.com
>
>Timothy Cornell, Esq. (pro hac vice pending)
>CORNELL DOLAN, P.C.
>One International Place, Suite 1400
>Boston, MA 02110
>(617) 535-7763 (main)
>(617) 535-7650 (fax)
>tcornell@cornelldolan.com
>
>Counsel for the plaintiff Crown Bridge Partners LLC